IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DIANE WELCH | ) | |
| | ) | |
| v. | ) | NO. 3:08-1071 |
| | ) | |
| FORD MOTOR CREDIT COMPANY, LLC | ) | |

**M E M O R A N D U M**

On March 2, 2009, the parties in this action consented, pursuant to 28 U.S.C. § 636(c), to have the Magistrate Judge conduct all proceedings in the action, including the entry of final judgment. See Docket Entry No. 26.

Presently pending before the Court is the motion of Ford Motor Credit Company, LLC, for summary judgment (Docket Entry No. 51). After review of the motion, the Plaintiff's response, and the entire record in this action, the Court finds that the Defendant is entitled to summary judgment in its favor as to all claims.

**I. BACKGROUND[1]**

The Plaintiff began working for Ford Motor Credit Company, LLC ("Ford Credit") in 1999 as a customer service representative. During 2005, she began to be treated for depression and her condition worsened after her husband died in April 2007. On May 9, 2007, the National Employee Service Center ("NESC"), a division of Ford Motor Company which handles part of the human resources duties for Ford Credit, sent the Plaintiff a letter granting her a conditional disability leave

---

[1] The facts as recounted are taken from the entire record and summarized in the light most favorable to the Plaintiff.

of absence pending approval of a disability claim filed by the Plaintiff with UniCare, Ford Credit's disability benefits provider. The letter outlined various information regarding disability leave and specifically noted that the Plaintiff would have to: 1) have a Disability Certification form completed by her physician and submitted to UniCare prior to the expiration of her 21 day period of conditional leave; 2) submit a completed Application for Disability Benefits to UniCare; and 3) provide a completed Return to Work Certification form to Ford Credit when she was cleared to return to work. See Exhibit 6 to Plaintiff's Deposition (Docket Entry No. 51-6, at 7-9).

The Plaintiff remained on approved leave throughout the summer of 2007. On October 10, 2007, UniCare sent the Plaintiff a letter informing her that the medical authorization from her treating physician, Dr. Yank, substantiated her disability only though October 1, 2007, and that, if she wanted to claim disability benefits subsequent to October 1, 2007, she would need to obtain another authorization letter from Dr. Yank and return it to UniCare. See Exhibit 15 to Plaintiff's Deposition (Docket Entry No. 51-6, at 15-16).

A new authorization letter was not timely submitted to UniCare and, on October 24, 2007, NESC sent the Plaintiff a letter advising her that her continued disability leave of absence was not authorized by UniCare subsequent to October 1, 2007, and that she would be terminated if she did not report to work with a clearance letter from her physician within five days of the letter. See Exhibit 16 to Plaintiff's Deposition (Docket Entry No. 51-6, at 17).

On October 29, 2007, Dr. Yank examined the Plaintiff and provided to UniCare a Return to Work Certification for the Plaintiff indicating continued depression. See Affidavit of Barbara Angus (Docket Entry No. 51-8), at ¶ 14. UniCare, however, did not consider this certification to be an authorization substantiating either continued disability status or disability status from October 1-29,

2007. Id. Accordingly, UniCare did not alter its denial of continued disability status past October 1, 2007. Id.

In early November, the NESC contacted the Defendant to determine if the Plaintiff had returned to work and was informed that the Plaintiff had not. See Affidavit of Sue Geisen (Docket Entry No. 51-9), at ¶ 4. NESC thereafter notified the Plaintiff, in a letter dated November 6, 2007, that the Plaintiff was terminated as "quit" effective October 2, 2007, because she failed to report to work as required in the October 24, 2007, letter which advised her that continued disability leave of absence was not authorized by UniCare subsequent to October 1, 2007. See Exhibit 17 to Plaintiff's Deposition (Docket Entry No. 51-6, at 18).

During essentially the same time period, UniCare contacted Dr. Yank and faxed to him a Behavioral Health Update form which he completed and returned to UniCare on November 8, 2007, stating that the Plaintiff remained disabled and would not be able to return to work until February 1, 2008. See Affidavit of Angus, at ¶¶ 15-16; Exhibit 18 to Plaintiff's Deposition (Docket Entry No. 51-6, at 23-25). Thereafter, UniCare sent to the Plaintiff two letters, each dated November 9, 2007. In one letter, UniCare notified the Plaintiff that it had medical authorization from the Plaintiff's doctor substantiating her disability only for the time periods of May 1, 2007, through October 1, 2007, and October 29, 2007, through January 31, 2008. See Exhibit 19 to Plaintiff's Deposition (Docket Entry No. 51-6, at 26-27). In the other letter, UniCare notified the Plaintiff that her disability claim was authorized though January 31, 2008, and made no mention of a gap in disability benefits for the period of October 2-28, 2007. See Exhibit 20 to Plaintiff's Deposition (Docket Entry No. 51-6, at 28). Barbara Angus, a manager for Unicare, explained that the second letter was sent in error. See Affidavit of Angus (Docket Entry No. 51-8), at ¶ 18.

Subsequent to her termination, the Plaintiff unsuccessfully sought to regain her position with Ford Credit and to seek clarification of the conflicting November 9, 2007, letters she received from UniCare. The Plaintiff later filed a charge of discrimination and, on November 6, 2008, filed this civil action against Ford Credit alleging that she was terminated because of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12102, et seq. ("ADA")[2] and the Tennessee Handicapped Act, Tenn. Code Ann. § 8-50-103 ("THA").[3] The Plaintiff also asserted a claim under the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"). However, on January 5, 2009, the Plaintiff voluntarily dismissed the FMLA claim. See Docket Entry No. 17.

## II. MOTION FOR SUMMARY JUDGMENT

Ford Credit contends that the Plaintiff cannot establish the elements required for a prima facie case of disability discrimination under the ADA or the THA because: 1) the Plaintiff cannot show what she is disabled under the Acts; 2) the Plaintiff cannot show that she was otherwise qualified for her position with or without a reasonable accommodation; 3) the Plaintiff cannot show

---

[2] The Defendant points out that, although the Plaintiff sought to amend her complaint to add a claim under the ADA, see Docket Entry No. 11, and the motion to amend was granted, her amended complaint (Docket Entry No. 15), did not specifically allege a claim under the ADA but rather simply asserted jurisdiction under the ADA. See Docket Entry No. 51, at 1 n.1. Although inartfully drafted, the Court has considered the amended complaint to have asserted a claim under the ADA and in its memorandum in support of its motion for summary judgment, the Defendant fully addressed the Plaintiff's claim under the ADA as if it had been specifically asserted.
    The Court notes that, on September 28, 2008, the ADA was amended effective January 1, 2009, and is now entitled the ADA Amendments Act of 2008 ("ADAAA"). However, even if the amendments had any relevance to the pending motion, the ADAAA does not apply to pre-amendment conduct. See Milholland v. Sumner County Bd. of Educ., 569 F.3d 562, 567 (6th Cir. 2009).

[3] Effective April 7, 2008, the Tennessee Handicapped Act was renamed the Tennessee Disability Act. See Tenn. Code Ann. § 8-50-103(a) (2008). However, both parties refer to the act as the Tennessee Handicapped Act, and the Court shall use this reference for the sake of consistency.

4

that Ford Credit knew or had reason to know of her disability; and 4) the Plaintiff cannot show that her position remained open after her termination or that she was replaced by someone outside the protected class.

The Defendant further contends that it has offered a legitimate, non-discriminatory reason for her termination. Specifically, the Defendant maintains that the Plaintiff failed to submit the proper authorization to UniCare for a continued disability leave of absence beyond October 1, 2007, and failed to comply with the notice given to her on October 24, 2007, that her continued leave was not authorized and she would be terminated if she did not return to work within five days. The Defendant argues that, even if the Plaintiff meets the burden of establishing a prima facie case, she has not shown that the legitimate, non-discriminatory reason offered by Ford Credit for her termination was a pretext for disability discrimination.

Ford Credit supports its motion with the affidavit of Connie Bond (Docket Entry No. 51-2) and excerpts from her deposition transcript (Docket Entry No. 51-3), the affidavit of Barbara Nigretto (Docket Entry No. 51-4), excerpts from the transcript of the Plaintiff's deposition (Docket Entry No. 51-5), the affidavit of Barbara Angus (Docket Entry No. 51-7) and excerpts from the transcript of her deposition and attached exhibits (Docket Entry No. 51-8), the affidavit of Sue Geisen (Docket Entry No. 51-9) and excerpts from the transcript of the deposition of Sophie Butler (Docket Entry No. 51-10).

In support of her response in opposition to the motion, the Plaintiff filed her own affidavit (Docket Entry No. 55-1), excerpts of the transcript of her deposition (Docket Entry No. 55-3), excerpts of the transcript of Ms. Butler's deposition (Docket Entry No. 55-2), and excerpts of the transcript of Ms. Bond's deposition (Docket Entry No. 55-4).

5

In support of its reply to the Plaintiff's response, the Defendant filed a one page excerpt of the transcript of Ms. Butler's deposition (Docket Entry No. 57-1) and a second affidavit of Ms. Nigretto (Docket Entry No. 57-2).

### III. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon County, 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving

6

party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. ANALYSIS

Title I of the ADA provides, in relevant part:

> [n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

The Plaintiff does not set forth direct evidence supporting her claim of disability discrimination.[4] When the plaintiff seeks to establish discrimination through indirect, rather than direct, evidence, the plaintiff must establish a prima facie case, after which the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged action. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-56, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir. 2001). If the defendant satisfies its burden, the plaintiff must show by a preponderance of the evidence that the proffered explanation is a pretext for discrimination. Id. Although the burdens of production shift, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Burdine, 450 U.S. at 253; DiCarlo v. Potter, 358 F.3d 408, 415 (6th Cir. 2004).

With respect to the Plaintiff's THA claim, the Tennessee courts look to federal law for guidance in analyzing disability discrimination claims under the state act. Barnes v. Goodyear Tire & Rubber Co., 48 S.W.3d 698, 705 (Tenn. 2000); Sasser v. Quebecor Printing, 159 S.W.3d 579, 584 (Tenn.Ct.App. 2004) ("A claim brought under the THA is analyzed under the same principles as those utilized for the Americans with Disabilities Act ('ADA')."); Nance v. Goodyear Tire & Rubber, Co., 527 F.3d 539, 553 n.5 (6th Cir. 2008) ("Both federal and Tennessee disability

---

[4] Direct evidence of discrimination "does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." Johnson v. Kroger Co., 319 F.3d 858, 865 (6th Cir. 2003). See also Jacklyn v. Shering-Plough Healthcare Prods. Sales Corp., 176 F.2d 921, 926 (6th Cir. 1999). No such evidence has been presented by the Plaintiff.

8

discrimination actions require the same analysis."). Accordingly, the analysis for the THA claim is the same as for the ADA claim.

In the instant action, the Court finds the evidence on the issue of pretext to be overwhelmingly in favor of the Defendant and that no reasonable jury could find in favor of the Plaintiff on her claim that she was terminated because of her disability. For this reason, it is not necessary to address the Defendant's arguments on the issue of the Plaintiff's prima facie case. The Court presumes, for the purposes of addressing the motion for summary judgment, that the Plaintiff satisfies her burden of showing the existence of a prima facie case.

The burden thus shifts to the Defendant to articulate a "legitimate, nondiscriminatory reason" for the decision to terminate the Plaintiff's employment. Burdine, 450 U.S. at 253. The Defendant "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Id. at 257. The Defendant contends that the Plaintiff was terminated because she failed to submit the proper authorization to UniCare for a continued disability leave of absence beyond October 1, 2007, despite being notified that such authorization was required, and then further failed to comply with the notice given to her on October 24, 2007, that her continued leave was not authorized and she would be terminated if she did not return to work within five days. This explanation is facially legitimate and non-discriminatory and satisfies the Defendant's burden.

At this point, to succeed on her claim, the Plaintiff must demonstrate that this proffered reason is not credible and was pretext for disability discrimination. Jones v. Potter, 488 F.3d 397, 406 (6th Cir. 2007). Pretext is usually established by demonstrating "that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was

9

insufficient to warrant the challenged conduct." Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir. 2003) (quoting Dews v. A.B. Dick Co., 231 F.3d 1016, 1021 (6th Cir. 2000)); Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084-85 (6th Cir. 1994). The Plaintiff may also set forth evidence showing that the Defendant's decision to terminate her employment was so unreasonable as to give rise to an inference of pretext. Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 268 (6th Cir. 2010).

In the instant action, the Plaintiff has not raised a pretext challenge via any of the three specific Manzer avenues for showing pretext. See Response in Opposition (Docket Entry No. 55), at 8-10. Nonetheless, based upon the evidence before the Court, such a challenge would be meritless.

The Defendant's proffered reason justifying the Plaintiff's termination clearly had a factual basis. It is undisputed that, at the time of the November 6, 2007, termination letter, the Plaintiff had not submitted to UniCare a new medical authorization letter from her physician which substantiated a continued disability status after October 1, 2007, nor had she returned to work as required by the October 24, 2007, letter, which warned her that her continued disability leave was not authorized and that she must return to work within five days or face termination. See Plaintiff's Response to Defendant's Statement of Uncontroverted Facts (Docket Entry No. 56), at ¶¶ 73-88; Affidavit of Sue Geisen (Docket Entry No. 51-9), at ¶ 4.

Although the Plaintiff makes a general assertion that her "doctor had faxed and mailed appropriate letters for her leave," see Plaintiff's Response to Defendant's Statement (Docket Entry No. 56), at ¶ 93, the Plaintiff fails to show through specific evidence that a medical authorization letter for a continued disability leave of absence was provided to UniCare prior to the November 6,

10

2007, termination letter. It is the Plaintiff's responsibility to "identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." Amini v. Oberlin College, 440 F.3d 350, 357 (6th Cir. 2006). The only evidence before the Court shows that such an authorization was not received until November 8, 2008, two days after the Plaintiff's employment had already been terminated. See Affidavit of Barbara Angus (Docket Entry No. 51-8) at ¶ 16.

Nor has the Plaintiff provided any evidence supporting a challenge to the proffered reason under the second or third avenues of showing pretext. The Plaintiff has not advanced any argument under these avenues, let alone set forth evidence which raises a genuine issue of material fact as to whether the proffered reason did or did not actually motivate the termination or was insufficient to justify the termination.

The only argument actually set forth by the Plaintiff is that the Defendant did not act in "good faith." See Memorandum in Opposition (Docket Entry No. 55), at 8. The Plaintiff argues that Ford Credit had "botched other employees' claims in the past and should have known that this could have been one of those situations." Id. In support of this argument, the Plaintiff submits the deposition testimony of Sophie Butler, an employee of Ford Credit who had experienced problems with UniCare's handling of paperwork for her own disability leave claim. The Plaintiff also asks the Court to consider the deposition testimony of Connie Bond, the human resources manager for the Defendant. The Plaintiff contends that the testimony of Ms. Bond shows that she was aware of complaints that other employees had made about UniCare not receiving information from a physician yet Ms. Bond "made no attempt to come to Welch's aid or try to rectify any problems surrounding Ms. Welch's circumstances with NESA (sic) or UniCare." Id. at 9.

11

The Plaintiff's argument fails to support her claim of pretext. First and foremost, the argument that Ford Credit did not act in good faith is simply not supported by any evidence and is, in fact, rebutted by the evidence which is before the Court. The August 27, 2007, Independent Medical Exam which authorized continued disability leave set a re-evaluation date on October 8, 2007. See Angus Affidavit, at ¶ 11. However, the Plaintiff did not show up for her October 8, 2007, appointment with Dr. Yank and failed to reschedule the appointment until October 29, 2007. Id. at ¶ 12; Exhibit 18 to Plaintiff's Deposition (Docket Entry No. 51-6, at 23). The Plaintiff was given a period of several weeks to obtain the proper documentation for a continued disability leave of absence and was sent two letters specifically advising her of the current state of her disability leave of absence and that she needed to take immediate action to address the matter.

Further, there is no evidence before the Court showing that UniCare made any type of mistake which was linked to the Plaintiff's termination.[5] In contrast to the testimony from Ms. Butler about her situation, there is no evidence before the Court that UniCare lost or did not receive information which was provided by the Plaintiff or her physician, ignored inquiries from the Plaintiff about documentation, provided incorrect information to Ford Credit or NESC, or in any way "botched" the Plaintiff's leave of absence claim. To the contrary, it was the Plaintiff who failed to take the necessary steps to ensure that a timely medical authorization was submitted on her behalf and to ensure that her leave of absence status remained authorized for the time period that she was absent from work.

---

[5] The fact that UniCare mistakenly sent the Plaintiff two contradictory letters on November 9, 2007, is not relevant to the Plaintiff's claims in this case because it was the Defendant, not UniCare, that terminated the Plaintiff's employment by letter dated November 6, 2007.

12

Finally, the Plaintiff's argument simply fails to provide any evidence reflecting upon the issue of pretext and upon the ultimate issue of whether the Defendant terminated the Plaintiff because of her disability. Speculation unsupported by specific allegations of fact is not enough to raise genuine issues of material fact. See Upshaw v. Ford Motor Co., 576 F.3d 576, 587 (6th Cir. 2009). That Ms. Bond, or anyone else for that matter, could have delved into the details or investigated the circumstances of the Plaintiff's leave of absence is irrelevant and certainly not probative of the issue of pretext given the circumstances of this case. At the time of the Plaintiff's termination, there was simply nothing that required a more in-depth investigation and the Plaintiff herself had not raised any issues with UniCare, NESC, or Ford Credit which required investigation. The law does not "require that the decisional process used by the employer be optimal or that it [leave] no stone unturned." Smith v. Chrysler Corp., 155 F.3d 799, 807 (6th Cir. 1998); Michael v. Caterpillar Financial Servs. Corp., 496 F.3d 584, 598-99 (6th Cir. 2007). See also Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1049 (6th Cir. 1998) (employee who was terminated after she failed to return from a leave of absence did not support a showing of pretext by her assertion that she was not warned that she was about to be terminated because this fact did not tend to show that the company's application of its leave of absence policy was untrue, did not actually motivate the discharge, or was insufficient to motivate discharge).

It is unfortunate that the Plaintiff failed to timely submit the required paperwork to ensure that she remained on an authorized disability leave of absence. It is likewise unfortunate that Ford Credit's response to the Plaintiff's shortcoming in this regard was to terminate her employment. However, there is no evidence before the Court supporting a showing of pretext, and a "jury may not reject an employer's explanation ... unless there is a sufficient basis in the evidence for doing

13

so." Manzer, 29 F.3d at 1083. In the end, the Plaintiff simply falls short of producing sufficient evidence from which a jury could reasonably reject the Defendant's explanation of why her employment was terminated. Accordingly, the Defendant is entitled to summary judgment in its favor. See Mickey v. Zeidler Tool and Die Co., 516 F.3d 516, 526 (6th Cir. 2008); Braithwaite v. Timken Co., 258 F.3d 488, 493-94 (6th Cir. 2001).

The Court notes that the Plaintiff makes repeated references in her filings to the issue of reasonable accommodation. However, the Plaintiff has not raised a distinct claim based on the allegation that Ford Credit failed to offer her a reasonable accommodation for her disability. The only disability discrimination claim upon which this case has proceeded is the claim that the Plaintiff was terminated because of her disability. To this extent, any contention made by the Plaintiff that Ford Credit failed to offer her a reasonable accommodation is not material to the claims which were advanced in this action.[6]

Had a reasonable accommodation claim been raised by the Plaintiff, however, such a claim would lack merit based upon the evidence before the Court. There is no evidence showing that the Plaintiff ever proposed or requested any type of accommodation from the Defendant.[7] The plaintiff "bears the initial burden of proposing an accommodation and showing that that accommodation is

---

[6] A failure to accommodate claim can only be brought under the ADA because the THA does not impose a duty to accommodate. See Melman v. Metropolitan Gov't of Nashville and Davidson County, 2009 WL 2027120, *4 (M.D. Tenn. July 9, 2009); Adams v. TRW Automotive U.S., LLC, 2005 WL 1862502, 19-20 (M.D. Tenn. July 22, 2005); Roberson v. Cendant Travel Serv., 252 F. Supp. 2d 573, 583 (M.D. Tenn. 2002).

[7] The Plaintiff's testified that the only "accommodation" she requested was an explanation of the conflicting November 9, 2007, letters she received from UniCare. See Plaintiff's Deposition (Docket Entry No. 51-5), at 89-92. This request simply does not amount to requesting a reasonable accommodation for her disability because the request itself has nothing to do with accommodating her disability. Additionally, the request was made after the Plaintiff had already been terminated.

14

objectively reasonable." Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1183 (6th Cir. 1996); Hendrick v. Western Reserve Care System, 355 F.3d 444, 457 (6th Cir. 2004). See also Lockard v. General Motors Corp., 52 Fed.Appx. 782, 788 (6th Cir. 2002) (the defendant employer's duty to engage in an interactive search for a reasonable accommodation never arose because the plaintiff failed to request a reasonable accommodation from her employer). Further, the Defendant did provide the Plaintiff with what amounts to a reasonable accommodation by permitting her to take a leave of absence. Medical leave is a recognized form of accommodation. See Cehrs, 155 F.3d at 782-83.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the motion for summary judgment filed by the Defendant shall be granted and this action shall be dismissed.

An appropriate order will enter.

JULIET GRIFFIN
United States Magistrate Judge